SPRAGUE v. L. D. MARGOLIS CO.

In re EASTERN TEA & COFFEE CO.

(District Court, D. Massachusetts. August 6, 1913.)

No. 456.

BANKRUPTCY (§ 301*)—RECEIVERS—APPOINTMENT FOR INDEPENDENT CORPORATION.

Where respondent corporation carried on an independent business, at least to some extent, and had goods honestly belonging to it, and creditors to whom it was indebted, and was not insolvent, a receiver would not be appointed for its property, in order to assist the trustee of M., who was the controlling factor in respondent company, in tracing property which he fraudulently concealed through it from his creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 464; Dec. Dig. § 301.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Eastern Tea & Coffee Company. Application by Rufus B. Sprague, trustee, etc., for the appointment of a receiver for the L. D. Margolis Company. Denied.

Friedman & Atherton, of Boston, Mass., for plaintiff.

Guy A. Ham, of Boston. Mass., for defendant.

MORTON, District Judge. The respondent corporation carries on a business which was to some extent, at least, independent of the Eastern Tea & Coffee Company, having goods honestly belonging to it and creditors to whom it is indebted. There is no allegation that it is insolvent. Margolis has been and is the controlling factor in it. There is no doubt that it was used by him to conceal property from his creditors. The principal reason urged for the appointment of a receiver is to assist the trustee in bankruptcy of Margolis in tracing property fraudulently concealed from his creditors by Margolis through the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agency of the respondent corporation. The interest of Margolis as a stockholder in the respondent corporation has, of course, passed to his trustee in bankruptcy. It does not seem to me that a receiver ought to be appointed simply for the purpose of getting evidence; nor, upon the allegations in the bill, do I think that a receiver ought to be appointed for the purpose of winding the corporation up at the present stage of the litigation.

The application for the appointment of a receiver at this time is therefore denied.